Filed 11/21/25  P. v. Johnston CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C101431 |
| Plaintiff and Respondent, | (Super. Ct. No. NCR58520) |
| v. | |
| BRIAN LEE JOHNSTON, | |
| Defendant and Appellant. | |

In 2002, a jury found defendant Brian Lee Johnston guilty of battery causing serious bodily injury and assault by force likely to produce great bodily injury.  The trial court sentenced him to 25 years in state prison under the "Three Strikes" law as it existed at that time, and also imposed four one-year prior prison term enhancements under Penal Code[1] section 667.5, subdivision (b).

On appeal from his resentencing under section 1172.75, Johnston argues the trial court erred in failing to resentence him under the Three Strikes Reform Act of 2012

---

[1]  Undesignated statutory references are to the Penal Code.

1

(Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act)) to twice the principal term for the underlying crime, as opposed to the 25-year-to-life sentence it reimposed. He also contends the trial court should recalculate his custody credits on remand. The People concede both of these points. Johnston separately challenges the denial of his *Romero*[2] motion, argues the trial court should have dismissed the strike priors under section 1385, subdivision (c), and asserts the trial court erred in failing to order a supplemental probation report.

During the pendency of this appeal, our Supreme Court issued its opinion in *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*), holding a trial court is required to apply the Reform Act in a section 1172.75 proceeding absent a finding of unreasonable risk of danger to public safety. As a result, we accept the People's concession on this issue and the sentence calculations, vacate Johnston's sentence, and remand for a full resentencing.

BACKGROUND

In 2002, Johnston pled guilty to battery causing serious bodily injury (§ 242/243 subd. (d)) and assault by force likely to produce great bodily injury (§ 245, subd. (a)(1)). The trial court also imposed four one-year prior prison term enhancements. (§ 667.5, subd. (b).) Johnston struck another inmate in the county jail from behind. The inmate slumped forward and hit his face on a table. When he tried to stand to defend himself, Johnston punched him in the face and jaw numerous times. Johnston fractured the victim's jaw in three places.

At his resentencing hearing, Johnston's counsel asked the trial court to strike at least one of his prior strike convictions pursuant to *Romero*. He also requested that the trial court apply the revised penalty provisions of the Reform Act and resentence Johnston to two times the principal term (or eight years in state prison). Defense counsel

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

correctly informed the trial court that the weight of appellate authority at the time had concluded the Reform Act did not apply to resentencing under section 1172.75. Counsel noted, however, that the Supreme Court had granted review in all three of the cases cited.

The trial court denied Johnston's *Romero* motion, declining to find him outside the scope of the Three Strikes law. The trial court further found that the Reform Act's revised penalty provisions were not applicable in a section 1172.75 resentencing based on the cases cited by Johnston. As a result, the trial court struck Johnston's four one-year prior prison term enhancements under section 667.5, subdivision (b), and resentenced him to 25 years to life in prison. The trial court made no finding about Johnston's potential dangerousness.

## DISCUSSION

A.     *The Reform Act*

Johnston argues that because his prior two convictions were neither "serious" nor "violent" as defined by statute, he was entitled to be resentenced under the Reform Act. He also asserts the trial court erred in failing to recalculate his custody credits at resentencing. The People concede both points. We agree.

Effective January 1, 2020, the Legislature amended section 667.5, subdivision (b) to allow for imposition of the one-year prior prison term enhancement only for specified sexual offenses. (Stats. 2019, ch. 590, § 1.) In January 2022, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Senate Bill No. 483) added former section 1171.1 (Stats. 2021, ch. 728, § 3), now renumbered section 1172.75 (Stats. 2022, ch. 58, § 12, eff. June 30, 2022), which provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." (§ 1172.75, subd. (a).)

Senate Bill No. 483 established a procedure for the recall and resentencing of judgments containing invalid prior prison term enhancements. (§ 1172.75, subds. (b)-

3

(e).)  Under that procedure, the Department of Corrections and Rehabilitation notifies the sentencing court that a defendant is serving a sentence that includes a qualifying section 667.5, subdivision (b) enhancement.  (§ 1172.75, subd. (b).)  The sentencing court then reviews the current judgment and verifies the defendant's eligibility.  (§ 1172.75, subd. (c).)  If eligible, the defendant is resentenced.  (*Ibid.*)  Resentencing under the statute "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (§ 1172.75, subd. (d)(1).)  Resentencing under this section "shall not result in a longer sentence than the one originally imposed."  (*Ibid.*)

Section 1172.75, subdivision (d)(2) requires that when resentencing an eligible defendant, the trial court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."  (§ 1172.75, subd. (d)(2).)  The trial court may consider postconviction factors such as a defendant's disciplinary record and rehabilitative efforts while incarcerated; evidence that age, time served, or diminished physical condition has reduced the defendant's risk of future violence; and evidence of changed circumstances "so that continued incarceration is no longer in the interest of justice."  (§ 1172.75, subd. (d)(3).)

"In 2012, voters enacted the Three Strikes Reform Act of 2012.  (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act or Act).)  The Reform Act limited indeterminate life sentences for nonserious, nonviolent third strike offenses. Under the Reform Act, a defendant convicted of a nonserious, nonviolent third strike instead receives a sentence of double the term of the current felony.  (§ 1170.12, subd. (c)(1), (2)(C).)  The Reform Act authorizes defendants 'presently serving an indeterminate term of imprisonment' pursuant to the Three Strikes law for a third nonserious, nonviolent strike to file a petition for a recall of sentence and request

4

resentencing in accordance with the Reform Act. (§ 1170.126, subd. (a).) The Reform Act provides that courts may deny petitions of defendants determined to pose an unreasonable risk of danger to public safety. (§ 1170.126, subd. (f).)" (*Guevara*, *supra*, 18 Cal.5th at p. 850.)

In *Guevara*, our Supreme Court analyzed Senate Bill No. 483 and its interaction with the Reform Act in a resentencing petition like the one before us. (*Guevara*, *supra*, 18 Cal.5th at pp. 856-861.) The *Guevera* court held that section 1172.75 must be construed as incorporating the public safety determination of section 1170.126, and that, interpreting the statute in this manner means that at resentencing, the trial court must first determine whether resentencing the defendant under the revised provisions of the Reform Act would pose an unreasonable risk of danger to public safety, and if not, the court must resentence the defendant pursuant to the revised penalty provisions of the Reform Act. (*Guevara*, *supra*, 18 Cal.5th at pp. 861-862, 865-866, 878.)

Here, the trial court did not have the benefit of the Supreme Court's decision in *Guevara* when it issued its ruling. Rather, it found—based on the then-existing appellate authority—that it was not authorized to resentence Johnston under the Reform Act in this section 1172.75 resentencing. Further, it did not examine or decide the question of whether granting relief under the Reform Act to Johnston would pose an unreasonable risk of danger to public safety. Thus, we shall vacate Johnston's sentence and remand for the trial court to answer these questions in the first instance and to resentence him.**3**

---

**3** Because we are remanding the case for the trial court to consider—in the first instance—whether it should reduce Johnston's Three Strikes sentence under the Reform Act, we express no opinion on Johnston's contentions concerning the application of section 1385, subdivision (c), to his Three Strikes sentence or his *Romero* motion. However, in light of the significant passage of time and the relevance of Johnston's postconviction conduct to the trial court's analysis in such matters, the trial court should have ordered an updated probation report. (*People v. Bullock* (1994) 26 Cal.App.4th 985, 990 [although a probation report is not required, "there should be a sound reason for departing from the preferred practice of making the referral"].)

B.    *Custody Credits*

Johnston also argues the trial court erroneously failed to recalculate his custody credits at his resentencing.  The People concede this issue, and we again agree.

When a trial court resentences a defendant who is currently in custody, it must calculate and credit him with all actual days spent in custody (whether in jail or prison) up to that time, including time in custody after the original sentencing.  (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37.)  Upon remand, the trial court must recalculate Johnston's credits.

## DISPOSITION

Johnston's sentence is vacated, and the case is remanded to the trial court to conduct a full resentencing consistent with this opinion, including recalculation of Johnston's custody credits.

_____/s/_____
BOULWARE EURIE, J.

We concur:

_____/s/_____
DUARTE, Acting P. J.

_____/s/_____
KRAUSE, J.